## Appeal of FIRST NATIONAL BANK OF STOUGHTON, WISCONSIN.

Docket No. 2790.   Submitted May 27, 1925.   Decided September 9, 1925.

> Where a bank keeps its books of account and makes its returns on the basis of cash receipts and disbursements, discount on time loans does not constitute income until the amount thereof is actually received.

*George M. Morris, Esq.*, for the taxpayer.
*A. H. Fast, Esq.*, for the Commissioner.

### Before Ivins, Marquette, and Morris.

This is an appeal from the determination of a deficiency in income taxes for the years 1919, 1920, and 1922, in the amount of $3,001.02. There was an overassessment in the amount of $653.53 for the year 1921, and a net deficiency of $2,347.49. From the stipulation filed by the parties, the Board makes the following

#### FINDINGS OF FACT.

The taxpayer has always kept its books upon a cash receipts and disbursements basis, with the exception hereinafter described. The taxpayer's income-tax returns have all been made upon a cash receipts and disbursements basis. It has been the consistent practice of the taxpayer to credit discounts taken on notes direct to income as earned at the time the discount is taken. The total amount of discount thus credited was returned in the taxpayer's original returns as income in the year in which the paper was discounted.

It has been the consistent practice of the taxpayer, on interest-bearing loans upon which discount is not taken, to credit interest to income as earned only at the time the interest is actually collected.

Payments on loans before maturity have consistently been accepted by the taxpayer with an allowance of credit for the unearned discount.

The amount of discount credited to income on the taxpayer's books for 1918 upon notes which matured and were paid in 1919 was $2,421.58; for 1919 upon notes which matured and were paid in 1920 $6,070.48; for 1920 upon notes which matured and were paid in 1921 $7,391; for 1921 upon notes which matured and were paid in 1922 $670.65; and for 1922 upon notes which matured and were paid in 1923 $705.31.

#### DECISION.

The deficiency determined by the Commissioner is disallowed. The amount of the deficiency will be settled on consent or on 10 days' notice, under Rule 50.

OPINION.

MARQUETTE: The principles laid down in *Appeal of Chatham & Phenix National Bank*, 1 B. T. A. 460, are decisive of this appeal. We held in that appeal that, where a bank was on a cash receipts and disbursements basis, discount on time loans did not constitute income until the discount was actually received. The Commissioner has included as income on a cash basis discount charged at the time bills were discounted and has computed the additional tax accordingly. The tax must be recomputed on the basis set forth above. *Appeal of Bank of Hartsville*, 1 B. T. A. 920; *Appeal of Madison & Kedzie State Bank*, 1 B. T. A. 922.

ARUNDELL not participating.